IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        v.                               16-CR-93

ARTHUR JORDAN,

           Defendant.

_____

## PLEA AGREEMENT

The defendant, ARTHUR JORDAN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 18, United States Code, Section 875(c) [interstate communication of threat to injure] for which the maximum possible sentence is a term of imprisonment of 5 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.   The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.   The defendant knowingly sent a message in interstate commerce;

b.   The message contained a true threat to injure the person of another; and

c.   The defendant transmitted the message for the purpose of issuing a threat, or with knowledge that the communication would be viewed as a threat.

## FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.   On or about July 6, 2016, in the Western District of New York, the defendant, ARTHUR JORDAN, did knowingly and willfully transmit, in interstate and foreign commerce, a threat to injure one or more police officers.

b.   Specifically, using Facebook, a social media website, the defendant, using screenname "MacBmw Jordan" posted, "Let's Start Killin Police Lets See How Dey Like It."

c.   On July 14, 2016, the defendant possessed a loaded firearm on his person, while walking in the City of Buffalo. On March 15, 2018, the defendant pleaded guilty in Erie County Court to Attempted Criminal Possession of a Weapon in the Second Degree, in violation of New York Penal Law 265.03-3, a Class D violent felony.

## III.    SENTENCING GUIDELINES

5.      The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.      The government and the defendant agree that Guidelines § 2A6.1(a)(1) applies to the offense of conviction and provides for a base offense level of 12.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.      The government and the defendant agree that the following specific offense characteristic does apply:

    a.      the 6 level increase pursuant to Guidelines § 2A6.1(b)(1) [offense involved conduct evidencing an intent to carry out such threat].

## ADJUSTED OFFENSE LEVEL

8.      Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 18.

## ACCEPTANCE OF RESPONSIBILITY

9.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the 2- level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional 1-level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 15.

## CRIMINAL HISTORY CATEGORY

10.    It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.    It is the understanding of the government and the defendant that, with a total offense level of 15 and criminal history category of II, the defendant's sentencing range would be a term of imprisonment of 21 to 27 months, a fine of $7,500 to $75,000, and a period of supervised release of 1 to 3 years. Notwithstanding this, the defendant understands that at sentencing, the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12.    It is the agreement of the parties, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the Court at the time of sentence impose a sentence of imprisonment between 21 and 27 months. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

13.     The defendant understands that except as set forth in ¶ 12, above, the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

14.     The government and defendant agree that, at the time of sentencing, it is anticipated that the defendant will be serving an undischarged term of imprisonment, and that the conduct underlying that offense is accounted for as relevant conduct to the instant offense, pursuant to U.S.S.G. § 5G1.3(b)(2), the sentence for the instant offense is recommended to be imposed concurrently to the remainder of the undischarged term of imprisonment. The defendant understands, however, that the Court is not bound to sentence the defendant concurrently with the undischarged term of imprisonment.

## IV.   STATUTE OF LIMITATIONS

15.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

5

## V.    GOVERNMENT RIGHTS AND RESERVATIONS

16.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.    APPEAL RIGHTS

18.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner

in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

21.     The government and the defendant agree not to appeal the imposition of the sentence of imprisonment concurrently, partially concurrently, consecutively or partially consecutively with any undischarged sentence of imprisonment imposed in the matter of People of the State of New York State v. Arthur Jordan, 01371-2016.

## VII.   TOTAL AGREEMENT AND AFFIRMATIONS

22.    This plea agreement represents the total agreement between the defendant, **ARTHUR JORDAN**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:    SCOTT S. ALLEN, JR.
Assistant United States Attorney

Dated: May **18**, 2018

I have read this agreement, which consists of 8 pages. I have had a full opportunity to discuss this agreement with my attorney, MARTIN VOGELBAUM, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

ARTHUR JORDAN
Defendant

Dated: May **18**, 2018

MARTIN VOGELBAUM, ESQ.
Attorney for the Defendant

Dated: May **18**, 2018