IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

     v.                                                                 16-CR-93-G

ARTHUR JORDAN,

         Defendant.

---

## GOVERNMENT RESPONSE TO THE DEFENDANT'S SENTENCING MEMORANDUM

The defendant, Arthur Jordan, through his attorney Martin J. Vogelbaum, Esq., has filed a sentencing memorandum regarding the above-mentioned case (Dkt. 133). The UNITED STATES OF AMERICA, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Meghan E. Leydecker, Assistant United States Attorney, of counsel, hereby files the government's response to the defendant's memorandum.

## PROCEDURAL HISTORY

The defendant pleaded guilty to Interstate Communication of a Threat to Injure, a violation of Title 18, United States Code, Section 875(c) and was sentenced on August 9, 2018 to two months imprisonment to run concurrently to the defendant's New York State sentence, to be followed by a term of supervised release of three years. The defendant began serving the term of supervised release on October 5, 2018. On December 17, 2019, a Petition for Offender Under Supervision was filed charging the defendant with violating a mandatory

condition of his supervision, specifically a violation of the condition that the defendant does not commit another federal, state, or local crime. On November 9, 2020, the defendant was charged via an Amended Petition for Offender under Supervision. An additional violation was added for the defendant's arrest stemming from a jailhouse assault on November 6, 2020. Ultimately, that second violation was dismissed because the defendant was not technically under supervised release while he was incarcerated at the Erie County Holding Center.

On March 30, 2021, the defendant pleaded guilty to Charge Number 1 in the Amended Petition for Offender Under Supervision. The maximum possible sentence is a term of imprisonment of two years and a term of supervised release of three years, less any term of imprisonment imposed upon revocation of the defendant's supervised release.

Sentencing is scheduled to take place on June 16, 2021. The defendant has filed a sentencing memorandum. See Docket 133. The government's response is below.

## ARGUMENT

The government has reviewed the defendant's sentencing memorandum (see Docket 133) and submits that the Court should impose a guideline sentence between 5 to 11 months imprisonment. This range is the guideline range set forth in the plea agreement. Docket 144, ¶ 5. As part of the plea agreement, the government agreed not to oppose the recommendation that the Court sentence the defendant at the lowest point of the applicable Guidelines range, which is 5 months. See id at ¶ 8. That remains the government's position. Also, as part of the plea agreement, the defendant agreed not to advocate for a

sentence below the lowest point of the applicable Guidelines range but reserved the right to argue that supervised release should not continue following the period of imprisonment. It is the government's position that, based upon the nature of the offense and the defendant's history, the defendant should remain on supervised release following his term of imprisonment.

The majority of the defendant's sentencing memorandum addresses the background of his mother, the victim of the instant offense. See Dkt. 133. At the time this memorandum was filed, the defendant had not yet admitted his guilt relative to the conduct alleged in Charge No. 1 of the amended petition. Now, as part of his guilty plea (Dkt. 144), the defendant has admitted that:

> On December 1, 2019, the defendant engaged in a verbal argument with the victim regarding a child custody agreement. During that argument, the defendant grabbed the victim by the neck and choked the victim. The defendant left the residence as 911 was called. The defendant's actions were in violation of New York State Penal Law Section 121.11-A, Criminal Obstruction of Breathing or Blood Circulation, a class A misdemeanor, which is punishable by a term of imprisonment of one year or less.

The information provided by the defendant about his mother, a crime victim, is irrelevant to the Court's determination of an appropriate sentence. Although this information may shed light on the defendant's, admittedly, difficult upbringing, it certainly does not justify his actions in choking his mother on December 1, 2019. During this argument, the defendant was arguing with his mother about childcare, indicating that, despite their history, she was still active in the defendant's life.

The defendant is not arguing that he acted in self-defense during the incident to which he pleaded guilty. In fact, the defendant admitted to choking his mother during an otherwise verbal argument. On the night of the incident, the defendant's mother reported that the defendant grabbed her and choked her until she could not breathe, and that she thought he was going to kill her. The defendant's behavior on December 1, 2019 should not be excused based upon the victim's behavior dating back over a decade.

The government has no objection to a sentence at the lowest end of the Guidelines range, which is 5 months. However, given the violent nature of the defendant's conduct in this incident, the government requests that the Court not sentence the defendant below this range, and that the defendant be continued on supervised release subsequent to serving his term of imprisonment.

## **CONCLUSION**

For the reasons set forth above, the Court should impose a guideline sentence.

DATED:   Buffalo, New York, June 9, 2021.

                                    JAMES P. KENNEDY, JR.
                                    United States Attorney

BY:   s/MEGHAN E. LEYDECKER
      Assistant United States Attorney
      United States Attorney's Office
      Western District of New York
      138 Delaware Avenue
      Buffalo, New York   14202
      716/843-5821
      Meghan.Leydecker@usdoj.gov